

*Law Office of*
*Francisco E. Celedonio, Esq.*
*401 Broadway, Suite 2510*
*New York, New York 10013*

*(212) 219-7533*                                          *Fax (212) 219-4094*

May 9, 2006



FILED
IN CLERKS OFFICE
U.S ~~ COURT ED N.Y:

★ MAY 1 2 2006 ★

P.M. _____
TIME A.M. _____

**VIA ECF/BY HAND DELIVERY**
Honorable Frederic Block
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *United States v. Eliu Carreto Fernandez,*
      *S1 04 Cr. 140 (FB)*

Dear Judge Block:

          This submission is made in connection with the sentencing of Mr. Eliu Carreto
Fernandez, scheduled for Friday May 12, 2006.

**I      INTRODUCTION**

          On December 22, 2004 Eliu Carreto Fernandez pled guilty, before United States
Magistrate Judge Cheryl L. Pollack, to Count Five of the above-referenced superseding
indictment, in violation of 18 U.S.C. § 1591(a)(1).  Mr. Carreto Fernandez pled guilty pursuant to
a plea agreement, which contained the following calculation under the United States Sentencing
Guidelines: (i) a base offense level of 19; (ii) a four-level enhancement for use of force, fraud, or
coercion, under § 2G1.1(b)(1); (iii) a two-level enhancement for use of undue influence over a
minor, under  § 2G1.1(b)(4)(B); (iv) a two-level enhancement for vulnerable victim, pursuant to §
3A1.1(b)(1); and (v) a 2-level reduction for acceptance of responsibility, and the expectation of a
third acceptance point for a prompt disposition.  Thus, the plea agreement arrived at an adjusted
offense level of 24, yielding a stipulated advisory Guidelines range of 51-63 months incarceration.

Hon. Frederic Block
*United States v. Eliu Carreto Fernandez*
May 9, 2006

## II    THE CHARGES

Given the Court's imposition of sentences on various co-defendants, we will respectfully assume the Court's familiarity with many of the relevant facts. We respectfully note that Mr. Carreto Fernandez pled guilty almost eighteen (18) months ago, without incident, and significantly before other co-defendants.

## III    COMMENTS AND OBJECTIONS TO THE PSR

The Probation Office for the United States District Court for the Eastern District of New York ("the Probation Office" or "Probation") has submitted a Pre-sentence Investigation Report dated January 18, 2006 (hereinafter "the PSR"), to assist the Court at sentencing. Through its application of § 2A3.1 of the Guidelines (not contemplated in the plea agreement), the PSR arrives at a Guidelines calculation that is significantly higher than that contained in the plea agreement. Probation calculates a base offense level of 27, a four-level enhancement for use of physical force/threats of serious bodily injury, and a two-level enhancement for vulnerable victim. Thus, after adjusting for acceptance of responsibility, Probation arrives at an adjusted offense of 30, yielding an advisory Guidelines range of 97-121 months (**forty-seven months greater** than the plea agreement).

We respectfully submit that in the context of all relevant facts, and notwithstanding the applicability of Probation's Guidelines calculation, the plea agreement represents the appropriate sentencing range for two principal reasons: (i) the government, in its discretion, determined that the sentence contemplated in the plea agreement adequately addressed this defendant's culpability, in light of his level of participation in the underlying criminality; and (ii) this defendant's family background and history, as well as his own history of victimization, necessarily contributed to his participation in the underlying criminal conduct.

With regard to the plea agreement, we note the government's obvious institutional advantage, insofar as it has the benefit of the fruits of its investigation – as well as information obtained through its cooperators – in assessing relative levels of culpability among the various co-defendants. This assessment is reflected in the Guidelines calculations (the applicable offense level as well as the propriety of specific enhancements) embodied in the plea agreement.

*Hon. Frederic Block*
*United States v. Eliu Carreto Fernandez*
*May 9, 2006*

## IV   BACKGROUND

### A.   The Family History

Mr. Eliu Carreto Fernandez is a 37-year old native of the exceedingly poor town of Tenancingo, Mexico.  Mr. Carreto Fernandez is one of eight children.  Emblematic of the poverty and hardship of this defendant's youth is his first job, at the age of six, working as a shepherd, in order to assist the family economically.  *See* PSR at ¶ 78.

Beyond the obvious socio-economic conditions that require a 6-year old to work to assist the household, is the fact that as a child Mr. Carreto Fernandez was the victim of a violent sexual abuse.  Mr. Carreto Fernandez was forcibly raped, under the threat of violence with a machete, by the son of his employer.  *See* PSR at ¶ 78.  As a 6-year old Mr. Carreto Fernandez was not only threatened into submission, but was admonished that he would be killed if he disclosed the rape.  This terrible and frightening experience has undoubtedly scarred this defendant to a degree that may never be fully understood.

In addition to being sexually victimized as a child, Eliu Carreto Fernandez was also the subject of repeated and violent physical abuse at the hands of his father.  And, he was witness to the wanton physical abuse his father also visited upon his mother.  PSR at ¶ 79.

Of course, in the context of a destitute life in Mexico, Mr. Carreto Fernandez has navigated his entire life with the scars and psychological damage from his childhood. Undoubtedly, his participation in the offense of conviction is, to some degree, rooted (or at least abetted) by his own experience as a victim.  Thus, it is not surprising that the victim of rape as a child became the adult abuser, and participated in the crime alleged in the indictment. Unquestionably Mr. Carreto Fernandez's history of victimization in no way minimizes or mitigates the offense of conviction.  It is noteworthy, however, that the offense of conviction is eerily reminiscent of his own past: sexual predation, physical control, and the abuse of a weaker, needy  human being.  We respectfully submit that this experience is part of the history and characteristics of this defendant that this Court should look to in evaluating an appropriate sentence.

3

*Hon. Frederic Block*
*United States v. Eliu Carreto Fernandez*
*May 9, 2006*

### B.    Narcotics Addiction

Although Mr. Carreto Fernandez has no history of drug addiction, it is noteworthy that he admits "he may have a drinking" problem.  Clearly his drinking "to the point of inebriation" is obviously an addiction — indeed, an addiction that could mask other, deeper psychological and emotional issues.

### C.    Employment History

Mr. Carreto Fernandez's entire employment history is from his life in Mexico.  Mr. Carreto Fernandez's most recent employment history (2003-2004) was recycling waste material in Mexico, earning $60-70 per week; Mr. Carreto Fernandez had also worked as a bus driver in Mexico, for approximately 15 years.  *See* PSR at ¶¶ 92-95.  Other jobs in his work history include driving a taxicab (earning $2 per day); and as a tailor (earning $2 per week), both in Mexico.  *Id.*

### D.    Prior Criminal History

Mr. Eliu Carreto Fernandez has prior criminal history.

## V    APPLICABLE LEGAL PRINCIPLES

*The Sentencing Reform Act in Light of Booker/Fanfan*

We recognize this Court's familiarity with the sentencing Guidelines and the impact of the Supreme Court's decision in *Booker/Fanfan,* and the Second Circuit's decision in *United States v. Crosby*, 307 F.3d 103 (2d Cir. 2005).

Prior to *Booker/Fanfan* this Court was constrained in its analysis and sentencing discretion under the unyielding directive of § 3553(b)(1), and the dictates of the Guidelines.  Thus, although § 3553(a) speaks to considering the "history and characteristics" of the defendant, under the Guidelines many of the factors that make up the "history and characteristics" of the defendant were either rejected or precluded, in favor of unyielding application of the guidelines.  Today, that is no longer the case.

Hon. Frederic Block
United States v. Eliu Carreto Fernandez
May 9, 2006

*Sentencing Factors Under 18 U.S.C. § 3553*

Of course, notwithstanding *Booker/Fanfan*, 18 U.S.C. § 3553 provides the statutory authority and framework for sentencing in federal court. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 211, 98 Stat. 71987, 1989-90 (1984). In enacting the Sentencing Reform Act Congress expressly stated that courts "shall impose a sentence sufficient, but not greater that necessary," to comply with the purposes of criminal sanctions. 18 U.S.C. § 3553(a). The Sentencing Reform Act explicitly delineates the purposes of criminal sanctions. Section 3551(a) provides that every defendant "shall be sentenced . . . so as to **achieve the purposes** set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable **in light of all the circumstances of the case**." (emphasis added).

*Sufficient But Not Greater Than Necessary*

As noted earlier, 18 U.S.C. § 3553(a) expressly provides for a sentence "not greater than necessary" to achieve the purposes of sentencing. *United States v. Johnson*, 964 F.2d 124, 125 (2d Cir. 1992)("the United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom") *cited in United States v. Blarek II*, 7 F. Supp 2d at 210. This statutory mandate takes on new meaning in light of *Booker/Fanfan* for the obvious reason that judges are now permitted to weigh factors previously prohibited in achieving a just sentence. Perhaps more than any other factor in the statutory scheme of the Sentencing Reform Act, the goal of imposing a sentence "not greater than necessary" is synonymous with doing justice. There is no more difficult task than assessing a "just sentence," and in calibrating, on an individual case basis, what sentence is sufficient but "not greater than necessary" to achieve the various goals of sentencing in any particular case.

A.      *§ 3553(a)(1): Offender Characteristics*

As already noted herein, Eliu Carreto Fernandez has had a difficult and challenging life history; much of which, invariably, has been shaped by his childhood abuse at the hands of his father, his experience as a six-year old victim of sexual abuse, and the poverty inherent in life in rural Mexico. We respectfully submit that these characteristics and experiences, and the impact

Hon. Frederic Block
*United States v. Eliu Carreto Fernandez*
May 9, 2006

they have had on this defendant, should weigh heavily in any analysis of this defendant's moral culpability for the offense of conviction, as well as an assessment of an appropriate sentence.[1]

### B.    § 3553(a)(2): The Purposes of Sentencing

Subparagraphs (A) through (D) of 18 U.S.C. § 3553(a)(2) instruct courts to consider the necessity of the sentence imposed: (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other, correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(A)-(D).  *See, generally, United States v. Blareck II*, 7 F.Supp.2d 192 (E.D.N.Y. 1998).   Given this defendant's circumscribed participation in the offense of conviction, we respectfully submit that the guidelines sentence envisioned in the plea agreement adequately addresses the purposes of sentencing and will provide respect for the law, as well as deterrence.  Indeed, Probation notes that Mr. Carreto Fernandez's involvement in the offense of conviction does not support any additional adjustment for aggravating circumstances.

### C.    § 3553(a)(3): The Kinds of Sentences Available

There is no statutory or other constraint upon this Court, except its own view of what is a reasonable sentence for this particular defendant.

### D.    § 3553(a)(4) & § 3553(a)(5): The Advisory Guidelines

Although the Guidelines are now advisory, we recognize the Court's obligation to consult and address the applicable Guidelines.  As note earlier, the plea agreement herein contemplates a sentence of 51-63 months incarceration; Probation has arrived at an advisory Guidelines sentence of 97-121 months incarceration.

We believe that this Court should give great deference to, and be guided by, the agreed upon plea agreement and the Guidelines calculations therein.  Clearly the government, in entering into the plea agreement, believed that the stipulated Guidelines sentence was appropriate

---

[1]  Annexed hereto as Exh. A are copies of bible studies certificates (beginning in June 2004) evidencing Mr. Carreto Fernandez's religious studies during his incarceration.

Hon. Frederic Block
*United States v. Eliu Carreto Fernandez*
May 9, 2006

for this particular defendant; that judgment, inherently, was in light of his participation and culpability. We submit nothing has changed.

> E.    § 3553(a)(6): Avoiding Sentencing Disparity
> Among Similarly Situated Defendants

The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, is expressly recognized in the Sentencing Reform Act. We respectfully submit that, in the context of this case, the stipulated Guidelines range embodied in the plea agreement adequately addresses all of the purposes of sentencing. We recognize, moreover, that when compared to sentences imposed on co-defendants already sentenced, the stipulated Guidelines sentence in the plea agreement may appear sympathetic. We submit, however, that the stipulated Guideline range best captures this defendant's criminality, in the context of the entire charged conspiracy. Most importantly, we submit – as endorsed by Probation – that Mr. Carreto Fernandez stands in a strikingly different posture than those co-defendants already sentenced.

As outlined by Probation, for example, Mr. Carreto Fernandez was significantly less culpable than his co-defendants. Probation notes that Mr. Carreto Fernandez "exercised no authority over" his co-defendants, and "little discretion beyond his involvement with Maria G." PSR at ¶ 43.

It is also noteworthy that Josue Flores Carreto and Gerardo Flores Carreto, unlike Eliu Carreto Fernandez, were organizers of the offense. PSR at ¶ 46, 52. Similarly, Daniel Perez Alonso, admitted to a managerial role in the offense, and was involved with various girls and women ("at least five," including Jane Does 1 through 8). PSR at ¶ 46-52. Finally, Mosquera de Flores owned a brothel and exercised "a great deal of discretion" in the course of the conspiracy and played a "pivotal role." PSR at 58.

Thus, on the facts of the underlying offense of conviction, as recited by Probation (facts that are, ostensibly, supported by the government), Mr. Eliu Carreto Fernandez is in a far different posture than those co-defendants already sentenced. Finally, Mr. Carreto Fernandez, unlike the sentenced co-defendants, accepted responsibility for his criminality promptly and unequivocally, thus alleviating the government and the Court the burden of specious litigation.

7

*Hon. Frederic Block*
*United States v. Eliu Carreto Fernandez*
*May 9, 2006*

## VI   SENTENCING RECOMMENDATION

We respectfully urge the Court rely heavily on the plea agreement in ascertaining an appropriate sentence for this defendant.  Recognizing the egregious nature of the underlying criminality, but also painfully aware of the damage suffered by this defendant as a youth, we ask that this Court's sentence be tempered by the realization that as a very young child this defendant was himself victimized and damaged.

In light of the judgment of the government as to the appropriateness of the negotiated plea, we respectfully request the Court sentence Mr. Carreto Fernandez within the confines of Guidelines range provided in the plea agreement.

*Respectfully Submitted,*

Francisco E. Celedonio, Esq.

cc: AUSA Monica Ryan

**EXHIBIT A**

# Ejército de Salvación

West Nyack, Nueva York

## Curso Bíblico por Correspondencia

### Certificado Final del

Certifica que

# Elín Carreto Fernández

De México, ha completado la Serie del Estudio Bíblico Básico de Seis Cursos con un promedio de 93.02 en las Noventa y ocho lecciones y con el presente se le otorga este Certificado Final.

13 de Octubre de 2004
Fecha

Major Sylvia A. Rebok, MS Ed.
Coordinadora de Estudios por
Correspondencia

El Ejercito De Salvacion



Esto es para certificar que
*Eliu Carreto Fernandez*
ha completado satisfactoriamente
*"La Vida De Cristo"*
ESTUDIO BIBLICO POR CORRESPONDENCIA
y por lo tanto ha sido reconocido con este
CERTIFICADO

24 de Junio de 2004

El Ejercito De Salvacion

Esto es para certificar que
*Eliu Carreto Fernandez*
ha completado satisfactoriamente
*"La Vida Cristiana"*
ESTUDIO BIBLICO POR CORRESPONDENCIA
y por lo tanto ha sido reconocido con este
CERTIFICADO

7/12/2004

El Ejercito De Salvacion



Esto es para certificar que
**Eliu Carreto Fernandez**
ha completado satisfactoriamente
**"La Iglesia Primitiva"**
ESTUDIO BIBLICO POR CORRESPONDENCIA
y por lo tanto ha sido reconocido con este
CERTIFICADO

18 de Agosto de 2004

El Ejercito De Salvacion

Esto es para certificar que
**Eliu Carreto Fernandez**
ha completado satisfactoriamente
**"Historia De Una Nacion"**
ESTUDIO BIBLICO POR CORRESPONDENCIA
y por lo tanto ha sido reconocido con este
CERTIFICADO

September 7, 2004

  


El Ejercito De Salvacion

Esto es para certificar que

*Eliu Carreto Fernandez*

ha completado satisfactoriamente

*"Genesis"*

ESTUDIO BIBLICO POR CORRESPONDENCIA

y por lo tanto ha sido reconocido con este

CERTIFICADO

9/7/2004


El Ejercito De Salvacion

Esto es para certificar que

*Eliu Carreto Fernandez*

ha completado satisfactoriamente

*"Repaso Final"*

ESTUDIO BIBLICO POR CORRESPONDENCIA

y por lo tanto ha sido reconocido con este

CERTIFICADO

24 de Septiembre de 2004



# FE ESPERANZA Y AMOR

Spanish Bible Study Program

Otorga este

# Diploma

**"Creación, Rebelión y Reconciliación del Hombre"**

a *Eliú Carreto Fernández*

*11 de agosto de 2004*



# FE ESPERANZA Y AMOR

Spanish Bible Study Program

Otorga este

# Diploma

**"El Espíritu Santo"**

A *Eliú Carreto Fernández*

*0 de setiembre de 2004*



FE ESPERANZA Y AMOR

Spanish Bible Study Program

Otorga este

Diploma

"La Vida Cristiana"

a Eliú Carreto Fernández

7 de Diciembre de 2004



FE ESPERANZA Y AMOR

Spanish Bible Study Program

Otorga este

Diploma

"La Iglesia"

a Eliú Carreto Fernández

25 de Enero de 2005



FE ESPERANZA Y AMOR

Spanish Bible Study Program

Otorga este

Diploma

"El Fin De Todas Las Cosas Se Acerca"

a Eliú Carreto Fernández

24 de Febrero de 2005



FE ESPERANZA Y AMOR

Spanish Bible Study Program

Otorga este

Diploma

"Contendiendo Por La Fe"

a Eliú Carreto Fernández

25 de Marzo de 2005